# IN THE MATTER OF THE APPLICATION OF JOHN CALVIN COGGIN, III, FOR ADMISSION TO THE VIRGIN ISLANDS BAR

S. Ct. BA No. 2007-105

Supreme Court of the Virgin Islands

May 12, 2008

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## MEMORANDUM OPINION

### (May 12, 2008)

This matter is before the Court on Mr. John Calvin Coggin's Application for Admission to the Virgin Islands Bar. For the reasons stated below, the application will be denied.

### I. BACKGROUND

Mr. John Calvin Coggin, III ("Coggin") passed the Local Essay Examination and the Multi-State Bar Examination ("MBE") administered in February, 2005 for entry into the United States Virgin Islands Bar.[1] On September 18, 2006, the Committee of Bar Examiners ("the Committee") requested information from Coggin to supplement the moral character portion of his application because his application disclosed prior felony convictions. Coggin supplied the requested material on October 23, 2006. On November 27, 2006, the Committee sent Coggin a letter scheduling a due process hearing before the full Committee on May 18, 2007. Coggin

---

[1] While Coggin's application for admission to the V.I. bar was commenced in the Superior Court, this Court assumed jurisdiction over admissions to the Virgin Islands Bar on January 29, 2007. V.I. CODE ANN. tit. 4 § 32(e) (2007 Supp.).

personally appeared and testified before the Committee. On June 20, 2007, the Committee issued its findings and recommended that this Court deny Coggin admission to the Virgin Islands Bar on a finding that he did not prove he is a person of good moral character. Coggin, although apprised of the opportunity to do so, did not file a response to the Committee's report.

The following background stems primarily from the Committee's report and the record on file with this Court. On February 29, 1996, Coggin pled guilty in the United States District Court for the Northern District of Alabama to making false statements to the United States Internal Revenue Service ("IRS") in violation of title 18, section 1001 of the United States Code.[2] Coggin admitted to altering a cancelled check to show he paid $7,253.15 to make a full settlement on his 1986 taxes, but, in fact, the check presented to the IRS was only for $1,253.15. Simultaneously, Coggin pled guilty to bank fraud in violation of title 18, section 1344 of the U.S. Code. Coggin admitted to presenting seven false financial statements to First Commercial Bank in Alabama defrauding the bank of $36,413.34 between 1989 and 1994. He was sentenced to five months imprisonment for each charge, to be served concurrently, with three years of supervised release, and to make restitution to the bank. There is no indication in the record before us that Coggin has repaid the bank.

The Alabama Bar commenced a mandatory suspension or disbarment proceeding on March 13, 1996. Coggin consented to disbarment effective May 20, 1996, thereby terminating the proceedings.

Following Coggin's release from prison, and despite his disbarment, he secured employment, in June, 1996, with Stewart Lubricants & Service Company, Inc. ("SLS") as the company's chief financial officer ("CFO") and legal counsel. However, Coggin claims that he acted only as CFO and that the company hired outside legal counsel. Coggin also claims that the term "general counsel" was included in his job description purely in the hope that one day he would be reinstated to the Alabama Bar. The employment contract, which was drafted by Coggin, contained the following provision:

---

[2]    *See United States of America v. John C. Coggin, III*, Cr-95-N-1344.

Per your request, it was agreed that in the event I retired or was no longer employed by SLS in the future . . . at that point on the date of my electing to retire or become no longer employed with SLS that SLS would pay me a retirement/severance payment equal to ten (10%) of the increase in the value of SLS from my SLS employment start date (July 1, 1996) to the date I was no longer employed by the company.[3]

The agreement also outlined a method of valuation and a payment plan. The term "become no longer employed," however, is not defined in the employment agreement, and the agreement also fails to describe Coggin's duties and responsibilities. A separate agreement outlined his duties and limited them to "CFO/Comptroller" duties. Coggin and SLS disputed whether the President of SLS knew of his disbarment prior to the execution of the agreement.

In January, 1999, Coggin was charged with bankruptcy fraud in violation of title 18, section 152 of the U.S. Code, with making a false statement to the U.S. Probation Office in violation of title 18, section 1001 of the U.S. Code, and with money laundering in violation of title 18, section 1956 of the U.S. Code for hiding $225,437.50 in assets during a bankruptcy proceeding. Coggin pled guilty, in the United States District Court for the Northern District of Alabama, to conspiracy to defraud the United States in violation of title 18, section 371 of the U.S. Code.[4] He was sentenced to three years in prison and three years of probation; he was released from prison on or about January 3, 2002.

According to Coggin, he retired from SLS in February, 1999. Following his second conviction, he sued SLS for retirement or severance pay pursuant to the contract which he personally drafted. Coggin and SLS disputed whether SLS authorized the checks Coggin wrote from SLS accounts to cover his legal expenses. Eventually, Coggin and SLS settled their legal dispute.

In 2002, a sub-committee of the Executive Committee of the Birmingham Bar Association recommended that Coggin be reinstated to the Alabama Bar, alluding to vindictiveness on the part of the IRS. The Executive Committee did not approve the recommendation because

---

[3] Letter from John C. Coggin, III, to Rick Stewart, President of SLS Holding Co. and Stewart Lubricants & Serv. Co., Inc. (June 5, 1996).

[4] *United States of America v. John C. Coggin, III*, Cr. 99A-018-S.

Coggin's application was premature as he was still on parole at the time. The Alabama Bar reinstated Coggin in 2004.

## II. DISCUSSION

■ This Court has jurisdiction over admissions to the Virgin Islands Bar. V.I. CODE ANN. tit. 4 § 32(e) (2007 Supp.). To gain regular admission to the Virgin Islands Bar, an applicant must pass a series of examinations consisting of the MBE, the Local Essay Examination, the Multi-State Professional Responsibility Examination ("MPRE"), and a Character Examination and Personal Interview. V.I. S. CT. R. 204(e).[5] A bar applicant bears the burden of establishing his or her moral qualifications by clear and convincing evidence. *See* VISCR 203(h)(3); *V.I. Bar v. Brusch,* 49 V.I. 409, 411 (V.I. 2008).

■ In 2005, Coggin passed the MBE, the Local Essay Exam and the MPRE. The Committee, however, unanimously determined that Coggin had not proven himself to be a person of good moral character in compliance with Supreme Court Rule 204(d)(3) and, therefore, declined to certify him for admission. Although we accord some deference to the Committee's finding of facts, it is ultimately this Court's responsibility to determine whether an applicant should be admitted to the V.I. Bar. 4 V.I.C. § 32(e) (2007 Supp.); *see also In re Baker,* 579 A.2d 676, 680 (D.C. 1990). We are not bound by the Committee's recommendation that Coggin be denied admission. *See Brusch,* 49 V.I. at 411; *In re Ogilvie,* 2001 SD 29, 623 N.W.2d 55, 56 (2001). We review the record de novo. *See Brusch,* at 411; *In re Application of Oppenheim,* 141 N.M. 596, 159 P.3d 245, 251 (2007). Although character examination is subjective in nature, we are guided in our examination of character by the American Bar Association Model Rules of Professional Conduct. *See* VISCR 203(a).

■ Pursuant to the Model Rules, it is professional misconduct when a lawyer perpetrates acts of dishonesty, fraud, deceit or misrepresentation. MODEL RULES OF PROF'L CONDUCT R. 8.7 (2007). "A pattern of repeated

---

[5] Former Superior Court Rules 301, 303, 304, 305, 306, and 307 have been adopted and amended by the Supreme Court as Supreme Court Rules 201, 203, 204, 205, 206, and 207, respectively. *See* Promulgation Order No. 2007-0011. Inasmuch as the language of the former Superior Court Rules has been adopted, virtually verbatim, as part of the new Supreme Court Rules, our citations in this Opinion will be to the Supreme Court Rules.

offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." *Id.* at cmt. 2. Although we focus our review on the applicant's present moral character, we review past misconduct because it gives us insight into the applicant's current character. *In re Hamm,* 211 Ariz. 458, 123 P.3d 652, 657 (2005). An applicant must show that it is "highly probable" that he has the good moral character and fitness to practice law; any doubt is resolved in favor of denying admission in order to protect the public. *In re Covington,* 334 Ore. 376, 50 P.3d 233, 235 (2002). "Good moral character is traditionally defined as the absence of conduct imbued with elements of moral turpitude," which include "qualities of honesty, fairness, candor, trustworthiness, observance of fiduciary responsibility, respect for and obedience to the laws of the state and the nation and respect for the rights of others and for the judicial process." *In re Menna,* 1 Cal. Rptr. 2d 2, 905 P.2d 944, 948 (Cal. 1995) (citations and quotations omitted).

█ The Virgin Islands does not have a per se rule barring applications for admission or reinstatement petitions from individuals with felony convictions. *See* VISCR 203(h)(2). However, an attorney convicted of a felony while barred in the Virgin Islands is subject to immediate suspension from the practice of law until final disposition of the disciplinary proceeding. VISCR 203(b)(1). Additionally, a suspension exceeding three months requires court action for reinstatement. VISCR 203(h)(1). Moreover, an attorney disbarred for any reason, including for a recent conviction of a felony, may not seek reinstatement until the passage of five years from the date of disbarment. VISCR 203(h)(2). Thus a candidate for admission to the Virgin Islands Bar who has been convicted of a felony has a high barrier to surmount in order to satisfy the character and fitness requirement for admission.

Our review of Coggin's application is guided by the factors usually considered by courts in reinstatement cases. These factors generally include:

1. The nature and character of the offense or offenses committed;

2. The number and duration of offenses and the sentence as to each;

3. The period of any probation or supervised release term and whether the petitioner's adjustment to same was satisfactory;

4. The age and maturity of the applicant when the offenses were committed;

5. The grant or denial of a pardon for any offenses committed;

6. Whether the petitioner was disbarred by any other court;

7. The number of years that have elapsed since the last offense was committed, and the presence or absence of misconduct during that period;

8. Whether the petitioner has complied in all respects with the terms and conditions of prior disciplinary or remedial orders, including the payment of any costs ordered by the disbarring court;

9. Whether the petitioner has engaged or attempted or offered to engage in the unauthorized practice of law;

10. With regard to any incapacity or infirmity (including alcohol or drug abuse), whether it has ceased to exist and is not reasonably likely to recur in the future;

11. Whether the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which discipline was imposed;

12. Whether the petitioner currently has the requisite honesty and integrity to practice law;

13. The opinions of character witnesses about the applicant's moral fitness;

14. Whether the petitioner has kept informed about recent developments in the law and is competent to practice law;

15. Any other re-admissions to the bar since the petitioner's disbarment;

16. Any other matter that the petitioner may deem relevant to the application or that may be specifically requested by the Court.

*In the Matter of R.M.W.,* 486 F. Supp. 2d 518, 519-520 (D.Md. 2007); *see also In re Manville,* 494 A.2d 1289, 1296-97 (D.C. 1985).

On review, we agree with the Committee's conclusion that Coggin lacks the requisite good moral character for membership in the Virgin Island Bar Association. Coggin's bank fraud felony conviction emanated from systemic behavior of seven misrepresentations over a period of five years and not from an isolated incident. His bankruptcy fraud, bank fraud, money laundering, and making of false statements to the IRS and the U.S. Probation Office reflect adversely on his fitness to practice law. These crimes reveal him to be dishonest, untrustworthy, disrespectful, and disobedient to the laws of the state and the nation. Coggin's disrespect of

the judicial process persists because he continues to owe restitution to First Commercial Bank in Alabama despite winning a substantial settlement award. The settlement arose from the employment contract that Coggin drafted, following disbarment and prior to reinstatement by the Alabama Bar, to provide for severance pay, irrespective of the circumstances of his termination from employment. Coggin's drafting of such an agreement demonstrates his complete lack of understanding of the fiduciary responsibility to a "client." Furthermore, we note that the agreement listed legal counsel as part of Coggin's title although he was disbarred at the time he entered into the agreement, which further demonstrates his disregard of the rules of professional conduct.

Even recognizing that the Alabama Bar reinstated Coggin's bar license, this Court is not convinced that he has demonstrated by clear and convincing evidence that he has the moral qualifications for admission to the practice of law in the Virgin Islands.

## III. CONCLUSION

Coggin fails to show by clear and convincing evidence that he is a person of good moral character. The combination of his felony convictions for fraud, the drafting of his own employment contract to his employer's detriment, and his continued disregard for judicial process, evidenced by his failure to pay restitution to the bank he defrauded, demonstrate to this Court that Coggin is unfit to practice law in the Virgin Islands. Accordingly, we deny his application for membership to the Virgin Islands Bar.