# IN THE MATTER OF THE APPLICATION OF JOHN CARTER MORGAN, JR., FOR ADMISSION TO THE VIRGIN ISLANDS BAR

S. Ct. BA No. 2007-125

Supreme Court of the Virgin Islands

May 15, 2008

DEREK HODGE, ESQ., Mackay & Hodge, St. Thomas, USVI, *Attorney for Applicant.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## MEMORANDUM OPINION

(May 15, 2008)

This matter is before the Court on Mr. John Carter Morgan's Application for Admission to the Virgin Islands Bar. For the reasons stated below, the application will be denied.

## I. BACKGROUND

Mr. John Carter Morgan, Jr., ("Morgan") graduated from law school in 1988 and was admitted to the Virginia Bar in 1989. In July, 2006, he sat for and passed the Local Essay Examination and Multi-State Bar Examination ("MBE") for entry into the United States Virgin Islands Bar.[1] On February 26, 2007, he met with the Chairman of the Committee of Bar Examiners ("Committee") to furnish answers to questions pertaining to his character and fitness to practice law in the Virgin Islands. On May 18, 2007, the Committee, having concerns about Morgan's character, held a due process hearing where Morgan personally appeared and testified. The subsequent Committee report recommended that this Court deny Morgan's admission. Morgan responded to the report, through counsel, on October 15, 2007, after this Court granted him a sixty-day extension of time to respond in order to afford him time to retain counsel and present additional arguments.

In its report, the Committee found concern with Morgan's past troubles with drugs and alcohol in Virginia. In 1983 Morgan was convicted of driving while intoxicated. He was fined and completed the Virginia

---

[1] While this application was commenced in the Superior Court, on January 29, 2007, this Court assumed jurisdiction from the Superior Court over admissions to the Virgin Islands Bar. V.I. CODE ANN. tit. 4 § 32(e) (2007 Supp.).

Alcohol Safety Action Program to end the six month suspension of his driver's license. In 1997 he was convicted of reckless driving, where the initial charge against him was driving under the influence. In December, 2000 he pled guilty to attempted possession of cocaine after he attempted to purchase cocaine from a court appointed criminal defense client. He also pled guilty to possession of cocaine after admitting to the police that cocaine found near his office was his. He was sentenced to two five-year sentences to run concurrently, entirely suspended, with two years of supervised probation to be followed by indefinite unsupervised probation, which was subsequently fixed by the court to ten years. As a result of this conviction he was suspended from the practice of law in Virginia for three years. He also remains subject to probationary status (unsupervised) until 2011.

In July, 2003, Morgan was again charged with driving under the influence, but the charge was reduced because the preliminary breath test result was below the legal blood alcohol limit. He was reinstated to the Virginia Bar in February 2004.

## II. DISCUSSION

■ This Court has jurisdiction over admission to the Virgin Islands Bar. V.I. CODE ANN. tit. 4 § 32(e) (2007 Supp.). To gain regular admission to the Virgin Islands Bar an applicant must pass a series of examinations consisting of the MBE, Local Essay Examination, Multi-State Professional Responsibility Examination ("MPRE") and Character Examination and Personal Interview. V.I. S. CT. R. 204(e).[2] Morgan passed the MBE, Local Essay Exam and MPRE. The Committee determined that Morgan failed to prove he was a person of good moral character, noting the felony convictions and that he is on probation until 2011.

This Court aptly set forth the standards applied in determining the moral qualifications of an applicant to the Virgin Islands Bar in *In re the Application of Coggin*, 49 V.I. 432, 436 (V.I. 2008):

---

[2]    This Court adopted and amended former Superior Court Rules 301, 303, 304, 305, 306, and 307 as Supreme Court Rules 201, 203, 204, 205, 206, and 207, respectively. *See* Promulgation Order No. 2007-0011. As the language of the former Superior Court Rules was adopted, virtually verbatim, as part of the new Supreme Court Rules, our citations in this Opinion are to the Supreme Court Rules.

■A bar applicant bears the burden of establishing his or her moral qualifications by clear and convincing evidence. *See* VISCR 203(h)(3); *V.I. Bar v. Brusch*, 49 V.I. 409, 411 (V.I. 2008). . . .

■Although we accord some deference to the Committee's finding of facts, it is ultimately this Court's responsibility to determine whether an applicant should be admitted to the V.I. Bar. 4 V.I.C. § 32(e) (2007 Supp.); *see also In re Baker*, 579 A.2d 676, 680 (D.C. 1990). We are not bound by the Committee's recommendation that Coggin be denied admission. *See Brusch*, 49 V.I. at 411; *In re Ogilvie*, 2001 SD 29, 623 N.W.2d 55, 56 (2001). We review the record *de novo*. *See Brusch*, 49 V.I. at 411; *In re Application of Oppenheim*, 141 N.M. 596, 159 P.3d 245, 251 (2007). Although character examination is subjective in nature, we are guided in our examination of character by the American Bar Association Model Rules of Professional Conduct. *See* VISCR 203(a).

■Pursuant to the Model Rules, it is professional misconduct when a lawyer perpetrates acts of dishonesty, fraud, deceit or misrepresentation. MODEL RULES OF PROF'L CONDUCT R. 8.7 (2007). "A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." *Id.* at cmt. 2. Although we focus our review on the applicant's present moral character, we review past misconduct because it gives us insight into the applicant's current character. *In re Hamm*, 211 Ariz. 458, 123 P.3d 652, 657 (2005). An applicant must show that it is "highly probable" that he has the good moral character and fitness to practice law; any doubt is resolved in favor of denying admission in order to protect the public. *In re Covington*, 334 Ore. 376, 50 P.3d 233, 235 (2002). "Good moral character is traditionally defined as the absence of conduct imbued with elements of moral turpitude," which include "qualities of honesty, fairness, candor, trustworthiness, observance of fiduciary responsibility, respect for and obedience to the laws of the state and the nation and respect for the rights of others and for the judicial process." *In re Menna*, 11 Cal. 4th 975, 47 Cal. Rptr. 2d 2, 905 P.2d 944, 948 (1995) (citations and quotations omitted).

■The Virgin Islands does not have a per se rule barring applications for admission or reinstatement petitions from individuals with felony convictions. *See* VISCR 203(h)(2). However, an attorney convicted of a felony while barred in the Virgin Islands is subject to im-

mediate suspension from the practice of law until final disposition of the disciplinary proceeding. VISCR 203(b)(1). Additionally, a suspension exceeding three months requires court action for reinstatement. VISCR 203(h)(1). Moreover, an attorney disbarred for any reason, including for a recent conviction of a felony, may not seek reinstatement until the passage of five years from the date of disbarment. VISCR 203(h)(2). Thus a candidate for admission to the Virgin Islands Bar who has been convicted of a felony has a high barrier to surmount in order to satisfy the character and fitness requirement for admission.

Our review of . . . application[s] is guided by the factors usually considered by courts in reinstatement cases. These factors generally include:

1. The nature and character of the offense or offenses committed;

2. The number and duration of offenses and the sentence as to each;

3. The period of any probation or supervised release term and whether the petitioner's adjustment to same was satisfactory;

4. The age and maturity of the applicant when the offenses were committed;

5. The grant or denial of a pardon for any offenses committed;

6. Whether the petitioner was disbarred by any other court;

7. The number of years that have elapsed since the last offense was committed, and the presence or absence of misconduct during that period;

8. Whether the petitioner has complied in all respects with the terms and conditions of prior disciplinary or remedial orders, including the payment of any costs ordered by the disbarring court;

9. Whether the petitioner has engaged or attempted or offered to engage in the unauthorized practice of law;

10. With regard to any incapacity or infirmity (including alcohol or drug abuse), whether it has ceased to exist and is not reasonably likely to recur in the future;

11. Whether the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which discipline was imposed;

12. Whether the petitioner currently has the requisite honesty and integrity to practice law;

13. The opinions of character witnesses about the applicant's moral fitness;

14. Whether the petitioner has kept informed about recent developments in the law and is competent to practice law;

15. Any other re-admissions to the bar since the petitioner's disbarment;

16. Any other matter that the petitioner may deem relevant to the application or that may be specifically requested by the Court.

*In the Matter of R.M.W.*, 486 F. Supp. 2d 518, 519-520 (D.Md. 2007); *see also In re Manville*, 494 A.2d 1289, 1296-97 (D.C. 1985).

We now apply these principles to the matter at hand. In this matter, Morgan's felony convictions stem from his addiction to cocaine; he has three driving under the influence charges resulting in one conviction. Of grave concern to this Court is the fact that Morgan enlisted a criminal defendant he was appointed by the court to represent, as a conduit to secure cocaine for himself. "A lawyer who is willing to forsake his client for his own personal goals demonstrates a lack of moral character and fitness required of a member of the Bar." *The Florida Bar v. Beasley*, 351 So. 2d 959, 960 (Fla. 1977). Morgan was also arrested in another cocaine incident separate from the attempted possession from the client. Morgan's "conduct was the product of neither inexperience nor immaturity." *Matter of Prager*, 422 Mass. 86, 661 N.E.2d 84, 96 (1996.)

Subsequent to this drug arrest Morgan was arrested for driving under the influence for a third time in 2003, with earlier arrests in 1983 and 1997. The 1983 incident was the only driving under the influence arrest to result in conviction. The charge in the 2003 arrest was reduced because Morgan tested below the legal alcohol limit. None of Morgan's convictions resulted in incarceration. The record does not indicate whether Morgan sought a pardon. The Virginia Bar suspended Morgan in 2001 for three years and reinstated him in 2004. During the time of his suspension he was a real-estate agent and did not practice law. Morgan appears well on the road to recovery from his addictions and has inundated his application with letters of support of his good moral character. He appears to take his addiction problem seriously by attending

Alcoholics Anonymous meetings and being honest with his children about his problem.

■ On review, while recognizing that the Virginia Bar reinstated Morgan, we nevertheless agree with the Committee's conclusion that Morgan has not met his burden of establishing that he has good moral character sufficient to practice law in the Virgin Islands. Morgan is still on probation, until 2011, for his felony drug convictions. Generally, good moral character rehabilitation from conviction of a felony is not complete until the lawyer successfully completes the sentence including probation. *In re Culpepper*, 770 F. Supp. 366, 373 (E.D. Mich. 1991); *In re Dortch*, 860 A.2d 346, 362-63 (D.C. 2004). Although completion of probation is not a per se requirement for admissions to the Virgin Islands Bar, it is a significant factor for consideration. It is most troubling that Morgan involved a criminal defense client the court appointed to represent, to help him obtain cocaine. By so doing he not only violated the law himself but also caused the law to be violated by his client. Such an action shows disregard for his client's interest and abuse of his role as counselor. Under such circumstances, completing a criminal sentence will be considered a prerequisite for admission to the Virgin Islands Bar. *See In re Dortch*, 860 A.2d at 362-63 (The public "has every right to expect, that serious violators of the law must fulfill their obligations to society honorably and entirely by (at a minimum) completing their own sentences before they seek the imprimatur of this court to aid in the administration of justice as attorneys and officers of the court.") (internal quotation omitted). Accordingly, the petition for admission will be denied.

## III. CONCLUSION

Morgan has failed to show that he is a person of good moral character. His felony convictions and continued probation demonstrate that he is unfit to practice law in the Virgin Islands. Therefore, we will deny his application for membership to the Virgin Islands Bar.