IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 06, 2025 02:24 PM
SCT-BA-2025-0063
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**IN THE SUPREME COURT OF THE VIRGIN ISLANDS**

In the matter of the application of:

**MAUREEN MADERA GARCIA**

For special admission to the Virgin Islands Bar.

S. Ct. BA. No. 2025-0063

**NOTICE OF ENTRY OF FINAL JUDGMENT/ORDER**

TO:  **Justices of the Supreme Court
Judges and Magistrate Judges of the Superior Court
Judges and Magistrate Judges of the District Court
Vonetta Norman, Esq.
Maureen Madera Garcia, Applicant for Special Admission
Janelle Browne, Director of Bar Admissions
Hinda Carbon, Executive Director, V.I. Bar Association
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Diane Russell, Esq., Chair, Board on the Unauthorized Practice of Law
Dalila Patton, Esq., Acting Clerk of the Supreme Court
Tamara Charles, Clerk of the Superior Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book
Westlaw
Lexis/Michie**

Please take notice that on **November 6, 2025** a(n) **Order** date **November 6, 2025** was entered by the Clerk in the above-entitled matter.

Dated: **November 6, 2025**

**DALILA E. PATTON, ESQ.**
Acting Clerk of the Court

By: /s/ Reisha Corneiro\_\_\_\_
**Deputy Clerk II**

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 06, 2025 02:14 PM
SCT-BA-2025-0063
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| In the matter of the application of: | )    **S. Ct. BA. No. 2025-0063** |
| | ) |
| **MAUREEN MADERA GARCIA** | ) |
| | ) |
| For special admission to the Virgin Islands Bar. | ) |
| | ) |

On Application for Special Admission to the Virgin Islands Bar

Considered and Filed: November 6, 2025

**BEFORE:**    **RHYS S. HODGE,** Chief Justice; **MARIA M. CABRET**, Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

## JUDGMENT

**PER CURIAM.**

    **AND NOW**, consistent with the Opinion of even date, it is hereby

    **ORDERED** that the motion for the special admission of Maureen Madera Garcia is **DENIED**. It is further

    **ORDERED** that this matter is **HEREBY REFERRED** to the Office of Disciplinary Counsel, the Board on Professional Responsibility, and the Board on the Unauthorized Practice of Law for further disciplinary proceedings against Madera Garcia and others as appropriate.

    **SO ORDERED** this 6th day of November, 2025.

**ATTEST:**

**DALILA PATTON, ESQ.**
**Acting Clerk of the Court**

By: **/s/ Reisha Corneiro**
       **Deputy Clerk II**

Dated: **November 6, 2025**

**Copies (with accompanying Opinion of the Court) to:**
Justices of the Supreme Court
Judges and Magistrate Judges of the Superior Court
Judges and Magistrate Judges of the District Court
Vonetta Norman, Esq.
Maureen Madera Garcia, Applicant for Special Admission
Janelle Browne, Director of Bar Admissions
Hinda Carbon, Executive Director, V.I. Bar Association
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Simone R.D. Francis, Esq., Chair, Board on Professional Responsibility
Diane Russell, Esq., Chair, Board on the Unauthorized Practice of Law
Dalila Patton, Esq., Acting Clerk of the Supreme Court
Tamara Charles, Clerk of the Superior Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book
Westlaw
Lexis/Michie

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
November 06, 2025 02:10 PM
SCT-BA-2025-0063
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| In the matter of the application of: | ) **S. Ct. BA. No. 2025-0063** |
| | ) |
| **MAUREEN MADERA GARCIA** | ) |
| | ) |
| For special admission to the Virgin Islands Bar. | ) |
| | ) |

On Application for Special Admission to the Virgin Islands Bar

Considered and Filed: November 6, 2025

Cite as: 2025 VI 22

**BEFORE:** **RHYS S. HODGE,** Chief Justice; **MARIA M. CABRET**, Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

## OPINION OF THE COURT

**PER CURIAM.**

¶ 1     This matter is before the Court on the recommendation of the Committee of Bar Examiners, which reports that it could not find that Maureen Madera Garcia possesses the requisite character and fitness to qualify for special admission to the Virgin Islands Bar on grounds that she engaged in the unauthorized practice of law in the Virgin Islands for more than two years. For the reasons that follow, we accept the recommendation and deny the motion for her special admission.

### I. BACKGROUND

¶ 2     The Department of Planning and Natural Resources ("DPNR") filed a motion to specially admit Madera Garcia to the Virgin Islands Bar on April 22, 2025.  In the accompanying application for special admission, Madera Garcia disclosed that she had previously been employed as "Legal Counsel" for the DPNR from September 2022 to November 2024. However, while Madera Garcia

is admitted to the practice of law in Puerto Rico and three federal courts outside the Virgin Islands,[1] she has never been admitted to the practice of law in the Virgin Islands in any capacity—whether regular, special, or *pro hac vice*—while employed as "Legal Counsel" during that 26-month period.

¶ 3     The Committee of Bar Examiners commenced an examination into Madera Garcia's character and fitness to practice before the courts of the Virgin Islands and personally interviewed her on August 28, 2025.  At the interview, Madera Garcia stated that as "Legal Counsel" her duties involved drafting contracts, explaining legal codes, training staff, and supervising employees. Madera Garcia further stated that she had been unaware of the rules of professional conduct pertaining to the unauthorized practice of law, that at the time there had been no other attorney employed by the DPNR with knowledge of the unauthorized practice of law rules, and that once she gained knowledge of those requirements she transferred to a position in another division of the DPNR that did not involve the practice of law.

¶ 4     The Committee filed its recommendation with this Court on September 12, 2025.  In its recommendation, the Committee explained that while it found Madera Garcia "very candid, forthright and honest about the work that she did with DPNR" it nevertheless "could not find that [she] satisfied the standards for the special admission to practice law . . . inasmuch as the record establishes and the candidate has admitted to engaging in the unauthorized practice of law for a period of more than two years before her application for special admission."  (Rec. 2.) Later that same day, Jean-Pierre L. Oriol—the Commissioner of the DPNR—submitted a letter in support of

---

[1] The record reflects that Garcia is admitted to the bars of the Supreme Court of the United States, the United States District Court for the Northern District of Illinois, and the United States District Court for the District of Puerto Rico.

Madera Garcia's special admission, which stated that "[w]hen Ms. Madera Garcia interviewed for the Legal Counsel position, the Department failed to inform her that she would need to seek special admission to the Virgin Islands Bar, and that she would need to complete the bar examination within a certain timeframe once employed by the Department." (DPNR Ltr. 1.)

¶ 5     On September 17, 2025, Madera Garcia filed a letter with this Court, titled "Request for Leniency." Seemingly contrary to her statements before the Committee, Madera Garcia asserted that she had not engaged in the unauthorized practice of law while employed as "Legal Counsel" because "[w]hile my title reflected a legal designation, the nature of my duties was administrative and paralegal in scope." Yet despite asserting that she had not engaged in the practice of law, Madera Garcia concluded the letter by asserting that she did not know admission to the Virgin Islands Bar was a requirement of her position and that she "began taking appropriate steps to address the matter."[2] (App. Ltr. 1.)

## II. DISCUSSION

¶ 6     This Court, as the highest court of the Virgin Islands, possesses the constitutional, statutory, and inherent authority to exercise exclusive jurisdiction to regulate the practice of law in the territory. *See In re Rogers*, 56 V.I. 618, 623 (V.I. 2012); 4 V.I.C. § 32(e). Pursuant to the bar admissions rules promulgated by this Court,

> Any person employed or about to be employed as an attorney by the Government
> of the Virgin Islands, its branches, departments, agencies and instrumentalities, the
> United States, Legal Services of the Virgin Islands, Disability Rights Center of the
> Virgin Islands or VIVA for Children, Inc., may be admitted specially without
> written examination and only for the purposes of such employment if, upon

---

[2] On October 28, 2025—well after this matter became fully briefed and submitted for decision by this Court—the DPNR filed a notice with this Court requesting leave to withdraw the application for Madera Garcia's admission. Because the request to withdraw the application comes only after the Committee determined that Madera Garcia engaged in the unauthorized practice of law and lacks the requisite character and fitness for special admission, we deny the request. *See In re Golia-Paladin*, 393 S.E.2d 799, 800 (N.C. 1990) (declining to grant leave to withdraw bar application in the event of an unfavorable ruling as to the applicant's qualifications for admission).

application, the Supreme Court determines that the person meets the qualifications of regular active admission except for having passed the Virgin Islands Bar examination; and is (1) admitted to practice in the highest court of a state, the District of Columbia or a commonwealth, territory or possession of the United States and (2) is otherwise professionally, morally and ethically qualified for admission to the Bar of the Virgin Islands and the admission of such person would be in the best interest of the Territory.

V.I.S.Cт.R. 202(a).

¶ 7     The character and fitness requirement for applicants for special admission are "the same . . . as any other applicant seeking permanent regular active admission to the Virgin Islands Bar." V.I.S.Cт.R. 202(b)(1). "A bar applicant bears the burden of establishing his or her moral qualifications by clear and convincing evidence." *In re Application of Coggin*, 49 V.I. 432, 436 (V.I. 2008). While "we accord some deference to the Committee's finding of facts, it is ultimately this Court's responsibility to determine whether an applicant should be admitted to the V.I. Bar." *Id.* However, "any doubt is resolved in denying admission in order to protect the public." *Id.* at 437.

¶ 8     We conclude that Madera Garcia failed to meet her burden to establish that she possesses the requisite "qualities of honesty, fairness, candor, trustworthiness, observance of fiduciary responsibility, respect for and obedience to the laws" to qualify for special admission. *Id.* We agree with the Committee that Madera Garcia engaged in the unauthorized practice of law in the Virgin Islands from September 2022 to November 2024. Rule 211.5.5 of the Virgin Islands Rules of Professional Conduct provides that

> (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
> (b) An individual who is not admitted to practice in this jurisdiction shall not:
>> (1) except as authorized by section 443 of title 4 of the Virgin Islands Code or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

> (2) hold out to the public or otherwise represent that he or she is
> admitted to practice law in this jurisdiction.

The prohibition on the unauthorized practice of law in the Virgin Islands thus encompasses not just substantive acts, but how one holds oneself out to others. As Madera Garcia acknowledges in her letter to this Court, the title "Legal Counsel" is necessarily a "legal designation." (App. Ltr. 1.) As such, this Court has long held that individuals not licensed to the practice law in the Virgin Islands who hold themselves out as "Legal Counsel," "Staff Attorney," "General Counsel," "Corporate Counsel," "Esquire," or similar titles necessarily engage in the unauthorized practice of law when using such titles to describe their employment in the Virgin Islands. *See In re Motylinski*, 60 V.I. 621, 648-49 (V.I. 2014); *In re Campbell*, 59 V.I. 701, 732-33 (V.I. 2013); *Coggin*, 49 V.I. at 439. This remains the case even when the titles are "not issued in conjunction with a specific legal matter," since "these terms, by their very nature, imply that one possesses the authority to provide legal services as a licensed attorney." *Campbell*, 59 V.I. at 733.

¶ 9     Nevertheless, we conclude that Madera Garcia engaged in the unauthorized practice of law through her substantive job duties as well. Rule 211.5.5(b)(1) of the Virgin Islands Rules of Professional Conduct incorporates the definition of the unauthorized practice of law found in title 4, section 443 of the Virgin Islands Code, which provides, in pertinent part, that

> Except as otherwise provided by law or rule of the Supreme Court, and excepting court personnel acting in the performance of their court duties, the unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to:
>
> the appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court, referee, department, commission, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power, or the preparation and/or filing of

> pleadings or other legal papers incident to any action or other proceeding of any
> kind before or to be brought before the same.

4 V.I.C. § 443(a).  Importantly, "this Court has adopted the principle that the practice of law encompasses all matters implicating the rights and remedies of clients," including matters that do not involve litigation.  *In re Jindal*, 69 V.I. 942, 949 (V.I. 2018) (quoting *Motylinski*, 60 V.I. at 649). While Madera Garcia asserts in her letter that her duties as "Legal Counsel" were "administrative and paralegal in scope," App. Ltr. 1, drafting contracts and explaining legal codes for a client—in this case, DPNR—necessarily implicate the rights and remedies of that client, and constitute the practice of law.  *Jindal*, 69 V.I. at 949. And while this Court has "previously observed—but did not hold—that it may be possible for individuals not licensed to practice law in the Virgin Islands to assist licensed Virgin Islands attorneys as paralegals or secretaries with respect to certain tasks without violating the prohibition on unauthorized practice," such an exception would not apply when the unlicensed individual also holds themself out as an attorney while performing those tasks. *Id.* at 950; *Motylinski*, 60 V.I. at 650 n.14. This is particularly true in this case where Madera Garcia not only used the title "Legal Counsel" but disclosed at the August 28, 2025 interview that "at one point she was the sole attorney for the agency when her colleague left in 2023" and thus had no licensed Virgin Islands attorney to assist. (Rec. 2.)

¶ 10     We recognize that the Committee credited Madera Garcia for her candor and honesty at the August 28, 2025 hearing. Yet the Committee itself recognized, in nevertheless holding that Madera Garcia lacked the requisite character and fitness for admission, that such candor could not negate the fact that Madera Garcia engaged in the unauthorized practice of law in the Virgin Islands for 26 months.  Although it seems the Committee implicitly found that Madera Garcia was ignorant of the unauthorized practice of law and bar admissions rules because no one at the DPNR had

informed her of them, the "[r]ules for the admission of practice to law, rules regulating the conduct of the bar, and laws against the unauthorized practice of law were enacted to protect the public from ignorance, inexperience, and unscrupulousness." *People v. Divorce Associated & Pub. Ltd.*, 407 N.Y.S.2d 142, 144 (N.Y. Sup. Ct. 1978). That Madera Garcia—a lawyer with nearly a decade of experience—accepted a job as "Legal Counsel" in the Virgin Islands, a jurisdiction in which she had never been admitted to practice law, and for more than two years failed to do even the most cursory research into what acts constitute the unauthorized practice of law in the Virgin Islands, is evidence of seemingly "willful ignorance." *Campbell*, 59 V.I. at 739 n.25.

¶ 11    We also find Madera Garcia's claim for leniency unpersuasive.  While the Committee credited her for honesty and candor for being forthright about engaging in the unauthorized practice of law at the August 28, 2025 interview, Madera Garcia now adamantly claims in her September 17, 2025 letter that her duties were always "administrative and paralegal in scope" that never constituted the unauthorized practice of law and that this Court should consider her "consistent adherence to the limits of [her] authority."  (App. Ltr. 1.) Madera Garcia's position that she never engaged in the unauthorized practice of law and always acted appropriately is fundamentally different and inconsistent from her earlier claim that she was initially ignorant of the unauthorized practice of law rules and immediately took action to change her job title and job responsibilities at the DPNR after becoming aware of them.

¶ 12    Finally, this Court cannot agree that Madera Garcia took all the "appropriate steps to address the matter." (Ltr. 1.)  Although the Committee initiated its inquiry into Madera Garcia's unauthorized practice of law based on her special admissions application, it did so not because Madera Garcia disclosed her earlier conduct, but due to noticing her use of the "Legal Counsel" title in listing her prior employment with the DPNR. And in her application for special admission,

filed with this Court on April 22, 2025 but executed by her on April 7, 2025, Madera Garcia

possessed multiple opportunities to advise the Committee and this Court of her conduct, but failed

to do so.

## III. CONCLUSION

¶ 13     We agree with the Committee of Bar Examiners that Madera Garcia fails to show by clear

and convincing evidence that she possesses the requisite character and fitness for admission to the

Virgin Islands Bar.  Accordingly, we deny the motion for her special admission.  Because we deny

admission upon a finding that Madera Garcia engaged in the unauthorized practice of law, we refer

this matter to the Office of Disciplinary Counsel, the Board on Professional Responsibility, and

the Board on the Unauthorized Practice of Law for further disciplinary proceedings against Madera

Garcia and others as appropriate.

**Dated this 6th day of November, 2025.**

**ATTEST:**

**DALILA PATTON, ESQ.**
**Acting Clerk of the Court**

**By: /s/ Reisha Corneiro**
          **Deputy Clerk II**

**Dated: November 6, 2025**