**In re ELECTRIC WELD STEEL TUB-
ING ANTITRUST LITIGATION.**

No. 80 C 6398.

United States District Court,
N. D. Illinois, E. D.

March 5, 1981.

Joel C. Meredith, Philadelphia, Pa., Steven A. Kanner, Much, Shelist, Freed, Denenberg, Ament & Eiger, P. C., Chicago, Ill., for plaintiff.

James F. Holderman, Sannenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

MEMORANDUM OPINION

KOCORAS, District Judge.

On June 20, 1979, the movant Unarco Industries, Inc. was served with a subpoena *duces tecum* in connection with a grand jury investigation of alleged antitrust violations in the welded steel tubing industry. The grand jury proceeding was conducted by the Antitrust Division of the Department of Justice under the supervision of the United States District Court for the Eastern District of Pennsylvania. Unarco produced certain documents and presented testimony in response to the grand jury subpoena in August of 1979. In the subsequent criminal indictment alleging a price-fixing conspiracy under Section 1 of the Sherman Act, 15 U.S.C. § 1, *United States v. Berger Industries, et al.*, Criminal No. 79–278 (E.D.Pa.), Unarco was named neither as a defendant nor as an unindicted co-conspirator. Judge John P. Fullam, who presides over the criminal case, denied the criminal defendants' motions for discovery of the documents submitted to the grand jury by Unarco and other non-parties.

Judge Daniel H. Huyett is presiding over this civil antitrust action in the District Court for the Eastern District of Pennsylvania, which arose from the criminal indictment pending before Judge Fullam. *In Re Electric Weld Steel Tubing Antitrust Litigation*, No. 79–4628 (E.D.Pa.). Unarco is not a party to this suit. On April 14, 1980, the unidentified civil plaintiffs served Unarco and other non-parties with subpoenas *duces tecum* seeking all documents submitted to the grand jury which returned the criminal indictment in the *Berger Industries* case. Having considered the briefs and having heard oral argument on the non-parties' motion to quash on October 9, 1980, Judge Huyett held that grand jury secrecy under Rule 6(e), F.R.Cr.P., would be violated by disclosure and granted the motion. In support of its decision, the court invoked the policy for Rule 6(e), as expressed in *United States v. Proctor & Gamble*, 356 U.S. 677, 681, n. 6, 78 S.Ct. 983, 985, n. 6, 2 L.Ed.2d 1077 (1958), which protects parties who are investigated by a grand jury but are subsequently exonerated. That court denied class certification to the civil plaintiffs on November 6, 1980.

On November 28, 1980, Unarco was served in this District with a subpoena *duces tecum*, which is at issue here, in connection with the civil antitrust case pending in the District Court for the Eastern District of Pennsylvania. Unarco filed its motion to quash the subpoena with this Court on December 10, 1980, and oral argument was heard on the fully briefed motion on January 22, 1981. Although the parties who served the subpoena were unidentified in both the briefs and the subpoena, their counsel indicated at oral argument that the subpoena was filed on behalf of all the plaintiffs in the civil case pending in the District Court for the Eastern District of Pennsylvania, No. 79–4628, for purposes of trial preparation.

Another non-party to this civil action, Welded Tube Corporation of America, filed a motion to quash a subpoena *duces tecum* served by the same plaintiffs in the Eastern District of Pennsylvania. Judge Huyett granted the motion in a bench opinion on January 23, 1981. In supporting its decision, the court observed that the civil subpoena essentially reiterated the language of the grand jury subpoena, and that there was no significant difference between them. Moreover, both the civil subpoena and the subpoena that had been quashed by Judge Huyett on October 9, 1980 sought materials submitted to the grand jury. Therefore, the District Court in Pennsylvania, where the grand jury proceeding took place and this civil case is pending, found that the civil subpoena against non-party Welded Tube Corporation implicated the secrecy policy of Rule 6(e) to the same extent as the prior subpoena for grand jury documents.

In addition, Judge Huyett found that confidential or sensitive material could be within the scope of the civil subpoena's broad sweep. In support of its reluctance to enforce such a broad ranging subpoena against a non-party competitor, the court cited *United States v. Serta Associates, Inc.*,

29 F.R.D. 136, 138 (N.D.Ill.1961). The court also found the civil subpoena to represent an invasion of the non-party's corporate privacy, which the law has not regarded favorably. *Premium Service Corp. v. Sperry & Hutchison Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605 (D.D.C.1969). It is unknown, however, whether the subpoena issued to Welded Tube is identical to the instant subpoena.

The civil subpoena served upon Unarco virtually duplicates the original grand jury subpoena. Although this civil subpoena is somewhat broader in scope, every Unarco document submitted to and sought by the grand jury is responsive to the instant request.

## I. *Rule 6(e) Claims*

The plaintiffs first argue that Rule 6(e), F.R.Cr.P., does not preclude disclosure of those documents that Unarco presented to the grand jury. They assert that the secrecy policy of Rule 6(e) is not implicated where the documents are intrinsically and independently valuable to the plaintiffs' prosecution of this civil antitrust litigation in the District Court for the Eastern District of Pennsylvania.

■ In general, requests for grand jury materials should be directed to the court that supervised the grand jury's activities. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 226, 99 S.Ct. 1667, 1676, 60 L.Ed.2d 156 (1979); *State of Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir. 1977). Where, as in this case, the request is made for use in a case pending in the same district where the grand jury convened, the District Court for the Eastern District of Pennsylvania is particularly suited to make the disclosure decision under Rule 6(e). *Cf. Douglas Oil Co. v. Petrol Stops Northwest, supra*, 441 U.S. at 226, 99 S.Ct. at 1676. When plaintiffs' subpoena seeking the grand jury documents of Unarco and other non-parties was quashed on October 9, 1980, the District Court for the Eastern District of Pennsylvania held that the secrecy policy of Rule 6(e) would be violated by disclosure of the non-parties' grand jury documents.

■ Plaintiffs' attempt to relitigate the Rule 6(e) issue with respect to Unarco's grand jury documents is foreclosed. The doctrine of issue preclusion is that "any fact, question or matter in issue and directly adjudicated or necessarily involved in a determination of an action before a court of competent jurisdiction in which a judgment or decree is rendered on the merits, is conclusively settled by the judgment therein and cannot be relitigated in any future action between the parties or privies." *Palma v. Powers*, 295 F.Supp. 924, 933 (N.D.Ill. 1969). The same plaintiffs, who served the subpoena upon Unarco seeking grand jury documents, have reiterated their Rule 6(e) claims here. The District Court for the Eastern District of Pennsylvania quashed the civil plaintiffs' subpoena requesting Unarco's grand jury documents on October 9, 1980. That court's decision was made pursuant to Rule 6(e). Although the judgment of the District Court in Pennsylvania might be interlocutory, the need for a final judgment is not as compelling when the question is whether the determination of a single issue actually decided in the first action should be given conclusive effect in a later action between the parties on a different claim. *Dunlap v. City of Chicago*, 435 F.Supp. 1295, 1299 (N.D.Ill.1977). Judge Huyett's decision in the Eastern District of Pennsylvania should be given conclusive effect in this Court where, as in this case, the issues were fully briefed, oral argument was presented, the Pennsylvania District Court supported its decision with an opinion, and Unarco's documents are sought here for use in the litigation pending in the District Court of Pennsylvania.

■ Although the doctrine of issue preclusion or collateral estoppel is applicable, the plaintiffs' attempt to relitigate the Rule 6(e) claim should be foreclosed for another reason. The purpose of this subpoena's request is to obtain a non-party's documents for preparation of this civil antitrust case pending in the District Court for the Eastern District of Pennsylvania. That court has already determined that the same non-

party's grand jury documents are protected under Rule 6(e) from disclosure to the plaintiffs. Any contrary decision by this Court would squarely collide with the prior orders of a co-ordinate federal court. This Court in the interest of comity will not relitigate the applicability of Rule 6(e) where the issue has already been decided by the federal court for the district where this action is pending and where the grand jury convened. *Dart Industries, Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291–292 (D.Del.1970). The District Court for the Eastern District of Pennsylvania is the appropriate court to which any requests for grand jury materials should be directed in the litigation, and this Court will respect the decisions made by that District Court in Pennsylvania on those issues.

## II. *Rule 45(b) Claims*

■ Plaintiffs contend that the document requests of the instant subpoena are neither unreasonable nor oppressive under Rule 45(b), F.R.C.P. They assert that a non-party witness cannot object to the production of evidence if it has any possible bearing upon the issues in litigation.

The plaintiffs' requests are sweeping in nature and cover virtually every document in Unarco's files for the past twenty years relating to its operations in welded steel tubing. Compliance would require extensive sifting and analysis by Unarco's employees. More important, this Court finds that the purpose of this subpoena is to circumvent the prior order of the District Court in the Eastern District of Pennsylvania, which denied the plaintiffs' direct request for Unarco's grand jury documents. Under these circumstances, plaintiffs' have failed to demonstrate any independent need for the records sufficient to outweigh the burden and invasion of corporate privacy that would result to Unarco, which is a non-party to this action. *See Premium Service Corp. v. Sperry & Hutchison Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

The District Court for the Eastern District of Pennsylvania quashed plaintiffs' subpoena served upon another non-party, Welded Tube Corporation, on January 23, 1981. Although this Court has no basis to determine whether the subpoena served upon Unarco is similar to that served upon Welded Tube, it is possible that inconsistent judgments may result between this Court and the District Court of Pennsylvania on the plaintiffs' subpoenas to non-parties. This Court notes, however, that the District Court in Pennsylvania found the plaintiffs' subpoena against non-party Welded Tube to be framed so as to obtain every document that Welded Tube had submitted to the grand jury. On that basis, the subpoena was held unreasonably burdensome and oppressive under Rule 45(b), F.R.C.P. This Court's decision is wholly consistent with the reasoning of the federal court in Pennsylvania.

## III. *Rule 37(a)(4) Claim*

■ Unarco requests reimbursement for attorneys fees and court costs incurred in opposing the plaintiffs subpoena *duces tecum* under Rule 37(a)(4), F.R.C.P. This Court finds that the circumstances of this case would make such an award of expenses unjust.

For the foregoing reasons, it is ordered that Unarco's motion to quash the subpoena *duces tecum* is granted and Unarco's requests for attorneys fees and costs is denied.