**O'NEALE'S TRANSPORT, INC., Plaintiff**

**v.**

**MARSHALL & STERLING, INC., Defendant**

**MARSHALL & STERLING, INC., Third-Party Plaintiff**

**v.**

**LAWRENCE M. NEADLE, JR., CARIBBEAN MUTUAL INSURANCE SERVICES, INC., J.H. MINET COMPANY OF PUERTO RICO, INC., J.H. MINET & CO., LTD., J.H. MINET REINSURANCE BROKERS, LTD., FRANCES DICKSON, ROBERT E. COLLINS, ANDREAS ESBERG & COMPANY, BANC-FLORIDA, A FEDERAL SAVINGS & LOAN f/k/a NAPLES FEDERAL SAVINGS AND LOAN, DICHEM CORPORATION, FLORIDA CARIBBEAN, INC., WINNIFRED JO GILLETTE, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF FRED L. GILLETTE AND GILLETTE, PILON & RICHMAN, P.A.
Third-Party Defendants**

Civil No. 838/1991

Territorial Court of the Virgin Islands

Div. of St. Croix: Kingshill

February 15, 1994

PETERSEN, *Senior Sitting Judge*

## ORDER

This matter is before this Court on the Bank of Nova Scotia's Motion to Quash Subpoena served upon it by BancFlorida.

BancFlorida, who issued the subpoena, became involved in this action by a third-party complaint filed by Marshall and Sterling, Inc. Count XXI of the complaint alleges that BancFlorida misrepresented information which was relied upon to determine AMPAC's viability as an insurance business. BancFlorida now seeks documents from the Bank of Nova Scotia in order to prepare for trial.

██ Motions to quash a subpoena issued to a non-party have been granted where compliance would require extensive sifting and analysis by the non-party, especially where the requests for documents were sweeping in nature, covering every paper on any transaction between a party and the person subpoenaed. Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1978). See, In re Electric Wield Steel Tubing Antitrust Litigation, 512 F.Supp. 81 (D.C. Ill. 1981). When considering a motion to quash a deposition subpoena where the private and confidential information of a company, though not privileged under law, is sought, the Court may weigh the need for the documents against the burden and invasion of corporate privacy. Premium Service Corp., 511 F.2d at 229; See, Hecht v. Pro-Football, Inc., 46 F.R.D. 605 (D.D.C. 1969).

BancFlorida's subpoena of thirty-four (34) pages requests Bank of Nova Scotia to provide a considerably extensive amount of in-

formation. For instance: All documents reflecting, referring or relating to four complaints related to this matter that are pending, including the amended third-party complaint of Marshall and Sterling which is sixty-one pages long containing twenty-six counts and involving some ten third-party defendants; all documents involving BancFlorida and Dichem (from no specified time period); all documents between AMPAC and Dichem (no time frame limitation); all documents between AMPAC and Caribbean Mutual (no time frame stated); and all documents between AMPAC and Florida Caribbean (no time frame listed). The subpoena also requires information regarding the interactions of some nine other entities, before continuing to demand more information in some requests with little or no time frame limitations. The subpoena likewise requires information about interactions between the Bank of Nova Scotia and some sixty different entities or individuals with no time frame limitations attached; in addition to other requests generally demanding every conceivable document on some transaction or entity; and all federal, state, and local income tax returns with no time limitations stated.

■ Where tax returns are subpoenaed, the Court is not inclined to permit total disclosure in the interest of promoting the public policy of unnecessary public disclosure of tax returns. This policy encourages taxpayers to file complete and accurate returns. Premium Service Corp., 511 F.2d at 229.

■ This Court finds that the Bank of Nova Scotia made several attempts to have third party defendant, BancFlorida limit its subpoena with no success. The Bank of Nova Scotia is not a party to this action and to require it to comply with this subpoena is oppressive. The need for every conceivable document referred to in the one hundred and twelve requests cannot outweigh the invasion of the Bank of Nova Scotia's corporate privacy. The discovery could have been somehow limited to effectuate BancFlorida's need without causing a non-party to divulge information generated from its inception.

■ The Bank of Nova Scotia further contends that William F. Kuntz II, Esquire is not admitted pro hac vice, therefore the subpoena is null. There are several cases pending before the District Court of the Virgin Islands involving the same parties and issues before this Court in which Attorney Kuntz was admitted pro hac

vice. This Court will honor Attorney Kuntz's admission in the District Court as an admission pro hac vice in the Territorial Court in compliance with Rule 301(f) containing similar language to District Court Rule 83.1(c).

Accordingly, the Motion to Quash Subpoena served upon the Bank of Nova Scotia by BancFlorida is hereby GRANTED.