James R. Campbell Coffey County Attorney P.O. Box 310 Courthouse Burlington, KS 66839
Dear Mr. Campbell:
As Coffey county attorney, you request our opinion as to whether the records of the grand jury indicting the county engineer may be released to the Kansas state board of technical professions (board) in view of the fact that the indictment was quashed on the basis of a technical defect.
The facts of the situation before us are set forth in State v.Finical, 254 Kan. 529 (1993). The county engineer in question was one of several defendants indicted by a Coffey county grand jury in 1992. The grand jury had been summoned by the submission of a petition with a requisite number of valid signatures pursuant to K.S.A. 22-3001(2). The grand jury eventually handed down indictments against several defendants, including the county engineer. However, the district court concluded that the grand jury had been improperly impaneled because a majority of the district judges had not ordered the grand jury to be summoned as required in K.S.A. 22-3001(1). The indictments were subsequently dismissed. The Kansas Supreme Court then held that "the State's failure to appeal the dismissal of indictments based upon the trial court's determination that the grand jury was not properly convened and lacked the authority to issue indictments forecloses a later appeal involving the dismissal of new indictments issuing from that same grand jury." Finical, 254 Kan. at 533.
In light of this background, your question is whether the records of the grand jury proceedings may now be turned over to the Kansas state board of technical professions for use in disciplinary proceedings against the county engineer or whether the records may remain closed pursuant to the provisions of K.S.A. 22-3012 even though all the indictments were dismissed.
K.S.A. 22-3012 states:
 "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the prosecuting attorney for use in the performance of his duties. Otherwise a juror, attorney, interpreter, reporter or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons."
This statute does not address whether its requirements must be met if a grand jury is improperly impaneled and its indictments are therefore quashed, nor are there known cases addressing this specific question. Because K.S.A. 22-3012 is patterned after the federal rule of secrecy of grand jury proceedings codified in Rule 6 of the federal rules of criminal procedure, it is helpful to consult federal cases interpreting the rule.
The requirement of secrecy in grand jury proceedings is a long-standing and well-recognized aspect of the American legal system. See 38 Am.Jur.2d, Secrecy of Proceedings, sec. 39 (1968),U.S. v. Proctor Gamble, Co., 356 U.S. 677, 681, 78 S.Ct. 983,986, 2 L.Ed.2d 1077, 1081 (1958), Douglas Oil Co. v. Petrol StopsNorthwest, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156,164 (1979). The purposes of the secrecy requirement are varied and need not be listed exhaustively here. However, it should be noted that the secrecy requirement protects the accused, the grand jurors, and the integrity of the grand jury itself.
The rule of secrecy has traditionally been upheld with particular ferocity in situations where civil or administrative actions are the basis for the request for disclosure. The United States Supreme Court stated that "use of grand jury materials by government agencies in civil or administrative settings threatens to subvert the limitations applied outside the grand jury context on the Government's powers of discovery and investigation." U.S.v. Sells Engineering, Inc., 463 U.S. 418, 433, 103 S.Ct. 3133,3142, 77 L.Ed.2d 743, 758 (1983).
The Kansas state board of technical professions desires the grand jury records in order to pursue disciplinary proceedings against the county engineer. The board argues that the grand jury in this case is to be treated as if it never existed because the indictments were quashed due to a technical deficiency in the impaneling. In this way, it is argued, the board should not be limited by the prohibition against disclosure in K.S.A. 22-3012. Instead, the board contends, the records should be considered open under the Kansas open records act, K.S.A. 45-215 et seq.
Analogy can be made to a federal case, U.S. v. John Doe, Inc. I,481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987), in which a government agency was required to make a motion to the court for disclosure even though the grand jury had been dismissed by prosecutors for lack of evidence. Although no indictments had been issued, the secrecy provision was still upheld.
Other cases have considered the effect of indictments returned by improperly impaneled grand juries. The Louisiana supreme court concluded "the defendant was indicted by an illegally impaneled grand jury, and, consequently in contemplation of law, there wasno grand jury — hence, no indictment upon which a legal conviction could be predicated." State v. Kifer, 173 So. 169, 172 (1937). (Emphasis added). Similarly, the Kansas supreme court dealt with a situation where a grand jury was initially impaneled properly but whose term was not properly extended. Thus, the grand jury in its second term was improperly impaneled and its actions which carried over from the March 1952 term to the June 1952 term were invalidated. In re Frye, 173 Kan. 392, 397 (1952). The court said of the grand jury that it "ceased to have any valid existence
after the end of the March term" and the indictments were `void.' (Emphasis added). These courts were simply restating a well-considered notion that an indictment from an improperly impaneled grand jury will not stand.
Due to the dearth of cases and the strong foundation and reliance on the secrecy of grand jury proceedings, it is our opinion that the policy of secrecy should not be subverted by the board's admittedly valid interest of preserving the competency of licensees. The United States Supreme Court has stated the same propensity for caution. In U.S. v. Sells Engineering, Inc.,463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743, 753 (1983), the court said, "[i]n the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized."
The grand jury minutes are not open records under K.S.A. 45-215 etseq. and so the board must file a motion with the court in order to secure disclosure. "Prosecutors would not be free to turn over grand jury materials to others in the government for civil uses without court supervision. . . ." Sells 463 U.S. at 442. Similarly, the Coffey county prosecutor is not free to turn over to a state board any grand jury materials without court supervision. The board should direct its request to the court that supervised the grand jury's activities. In re Electric WeldSteel Tubing Antitrust Litigation, 512 F. Supp. 81, 83 (N.D.Ill. 1981).
Additionally, we note that the board is free to proceed with its disciplinary procedure against a licensee according to its power and authority. The board may request an interview with or a statement from the county officials or others involved, as long as it is not requesting disclosure of "matters occurring before the grand jury."
In conclusion, because the secrecy of grand jury proceedings is a well-guarded aspect of American criminal procedure, the minutes of a grand jury are to be kept secret pursuant to K.S.A. 22-3012 and, in the absence of a court order, are not to be provided to a state agency desiring to pursue disciplinary action against a licensee. This is true even though the indictments of that grand jury were quashed on the basis of a technical deficiency in the impaneling of the grand jury.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas