**IN THE MATTER OF THE APPLICATION FOR THE ADMISSION OF: K. RICK ALVIS, ESQUIRE'S PRO HAC VICE ADMISSION**

S. Ct. BA. Nos. 2010-0017, 2009-0218

Supreme Court of the Virgin Islands

September 21, 2010

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## ORDER OF THE COURT

(September 21, 2010)

PER CURIAM. **THESE MATTERS** are before the Court pursuant to several motions filed by Vincent Colianni, II, Esq. (hereafter "Attorney Colianni"), a regularly admitted member of the Virgin Islands Bar, seeking to grant K. Rick Alvis, Esq. (hereafter "Attorney Alvis"), an attorney admitted to the state bars of Alabama and Tennessee, *pro hac vice* admission to the Virgin Islands Bar.

On July 1, 2009, Attorney Colianni filed a motion to admit Attorney Alvis *pro hac vice* to the Virgin Islands Bar so that he may appear on behalf of the plaintiff in the matter *Francis v. Bridgestone Corp.*, Super. Ct. Civ. No. 72/2009. In support of his motion — which this Court docketed as S.Ct. BA. No. 2009-0218 — Attorney Colianni submitted the required *pro hac vice* questionnaire completed by Attorney Alvis, in which Attorney Alvis averred that his only previous *pro hac vice* admission before the Supreme Court, the Superior Court, or the District Court was in *Mottley v. Maxim Crane Works*, 1:06-CV-78, a District Court case filed on June 13, 2006 and in which Attorney Alvis appeared *pro hac vice* on March 23, 2009. In a July 28, 2009 Order, this Court granted Attorney Colianni's motion and admitted Attorney Alvis *pro hac vice* so that he could appear in the *Francis* matter.

On January 22, 2010, Attorney Colianni again moved for Attorney Alvis's *pro hac vice* admission so that he may appear on behalf of the plaintiff in *Jeffers v. Automart of St. Croix*, Super. Ct. Civ. No. 598/2009. Again, Attorney Colianni enclosed with his motion — docketed as S.Ct. BA. No. 2010-0017 — *pro hac vice* questionnaire completed by Attorney Alvis. However, in this questionnaire, Attorney Alvis stated that his only *pro hac vice* admission before the Supreme Court, Superior Court, or the District Court was in the *Francis* matter. Notably, Attorney Alvis did not disclose on his questionnaire his prior District Court *pro hac vice* admission in *Mottley*, even though that admission had been disclosed in the questionnaire submitted to obtain *pro hac vice* admission in *Francis*.

On January 25, 2010, Attorney Colianni submitted an amended motion to admit Attorney Alvis *pro hac vice* in *Jeffers*. In his amended motion, Attorney Colianni stated that several of Attorney Alvis's prior District Court *pro hac vice* admissions had been omitted from Attorney Alvis's questionnaire due to an "oversight." Attorney Alvis's amended questionnaire now indicates that Attorney Alvis, in addition to his Superior Court *pro hac vice* appearance in *Francis*[1] and District Court *pro hac vice* appearance in *Mottley*, had also been admitted *pro hac vice* by the District Court on January 3, 2008 in *Lynch v. General Motors*, 1:07-CV-00124; on March 12, 2008 in *Finch v. Oefinger*, 1:06-CV-232; and on July 14, 2009 in *Richards v. Marshall*, 3:09-CV-00023. However, although the *Lynch* and *Finch* appearances both pre-dated the filing of the motion to admit Attorney Alvis *pro hac vice* in *Francis*, Attorney Alvis had not disclosed them on his *pro hac vice* questionnaire in that matter. Moreover, while the *pro hac vice* appearance in *Richards* occurred on July 14, 2009 — two weeks after Attorney Colianni filed his July 1, 2009 motion to admit Attorney Alvis *pro hac vice* in *Francis* — neither Attorney Colianni nor Attorney Alvis notified this Court of Attorney Alvis's new *pro hac vice* admission prior to this Court granting the motion on July 28, 2009. Additionally, neither Attorney Alvis nor Attorney Colianni had contacted this Court to amend the questionnaire Attorney Alvis submitted in support of his *pro hac vice* application in *Francis*.

This Court, in a March 26, 2010 Order, "note[d] that, because of his numerous previously-undisclosed District Court appearances on a *pro hac vice* basis, it is not readily apparent that Attorney Alvis meets the minimum criteria for *pro hac vice* admission in *Jeffers* or had met those criteria at the time his *pro hac vice* admission was approved for *Francis*" because

> Supreme Court Rule 201 provides that "[n]o attorney or law firm may appear *pro hac vice* in more than a total of three causes," and further states that "[e]xtended practice on a *pro hac vice* basis is hereby expressly prohibited and any attorney desirous of undertaking more than three (3) total appearances shall seek regular admission to the Bar in order to share the burdens of local practice."

---

[1] This Court notes that Attorney Alvis's amended questionnaire incorrectly states that the case number for *Francis* is Super. Ct. Civ. No. 76/2009 rather than 75/2009.

Specifically, this Court observed that

> [w]hile Rule 201 only purports to govern *pro hac vice* admissions in Virgin Islands local courts, (1) whether a District Court matter may constitute a "cause" or "appearance" for the purposes of Rule 201(a)(4)'s lifetime limit on *pro hac vice* appearances; and (2) whether District Court appearances may be considered when determining whether an applicant has undertaken "[e]xtended practice on a *pro hac vice* basis" are both issues of first impression in this jurisdiction,

and thus

> require[d] Attorney Colianni and Attorney Alvis to show cause why the application to admit Attorney Alvis *pro hac vice* in S.Ct. BA. No. 2010-0017 should not be denied and why the *pro hac vice* admission previously granted in S.Ct. BA. No. 2009-0218 should not be revoked on the basis that Attorney Alvis has exceeded the maximum number of total *pro hac vice* appearances authorized by Rule 201(a)(4).

 Moreover, this Court also noted in its March 26, 2010 Order that "Supreme Court Rule 201, by its own terms, does not require that this Court grant *pro hac vice* admission as of right to every attorney who fulfills all four enumerated requirements," but "[r]ather . . . provides that '[a]n attorney not regularly or specially admitted to practice law in the Virgin Islands . . . *may* . . . be admitted *pro hac vice* to participate in that legal matter only.' " (emphasis added). Recognizing that

> [i]t is well established that a request to admit an attorney *pro hac vice* may be denied — or, if previously granted, revoked — if that attorney has omitted information requested in a *pro hac vice* questionnaire or has engaged in conduct which could constitute an ethical violation or adversely impact the administration of justice,

this Court

> also require[d] Attorney Colianni and Attorney Alvis to show cause as to (1) why, notwithstanding whether Attorney Alvis remains eligible for *pro hac vice* admission pursuant to Rule 201, this Court should not exercise its discretion to deny the application to admit Attorney Alvis *pro hac vice* in S.Ct. BA. No. 2010-0017 and revoke the *pro hac vice*

admission previously granted in S.Ct. BA. No. 2009-0218 on the basis of the omissions from both questionnaires and the failure to timely amend the questionnaire submitted in S.Ct. BA. No. 2009-0218; and (2) why Attorney Colianni and Attorney Alvis should not be held in contempt or otherwise sanctioned for these omissions and the failure to timely submit an amended questionnaire.

On April 9, 2010, Attorney Colianni and Attorney Alvis each submitted responses to this Court's March 26, 2010 Order. In his response, Attorney Colianni recognizes that he "had a duty to review Mr. Alvis' applications . . . . but did not notice that Mr. Alvis had inadvertently failed to include his admissions in district court on the questionnaires." Similarly, Attorney Alvis states in his response that his *pro hac vice* admission in *Francis* "was completed by [his] legal assistant" and "[w]hile [he] reviewed the application, it was done in a cursory manner, and the request for previous admissions to the District Court was completely overlooked by both the legal assistant as well as counsel." Moreover, with respect to whether his prior *pro hac vice* admissions in the District Court should count towards Rule 201(a)(4)'s three appearance limit or should be considered in determining whether he has engaged in "[e]xtended practice on a *pro hac vice* basis," Attorney Alvis contends "that the District Court of the Virgin Islands and the Superior Court of the Virgin Islands [a]re two distinct and sovereign entities," and that, just as the District Court does not apply Superior Court *pro hac vice* admissions to its *pro hac vice* admission limit, this Court should not consider District Court *pro hac vice* admissions when determining whether to allow an attorney to appear *pro hac vice* in a Superior Court matter.

■ As a threshold matter, this Court notes that "the Government of the Virgin Islands is not itself a sovereign entity," *Magens Point Resort Hotel v. Benjamin*, S.Ct. Civ. No. 2008-0006, 2009 V.I. Supreme LEXIS 30, *7 (V.I. Apr. 8, 2009), and thus "[b]ecause both the [Superior] Court and the District Court derive their power from the same sovereign, *i.e.*, the U.S. Congress, the institutional separation is administrative rather than constitutional." *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 621, 43 V.I. 277 (3d Cir. 2000). However, "for administrative purposes, Congress has chosen to treat the Virgin Islands as a separate 'sovereign,' " and thus "the [Superior] Court is treated as a state court. . . ." *Gov't ex rel. Robinson v. Schneider*, 893 F. Supp. 490, 495 (D.V.I. 1995). Accordingly, because Congress has expressed its intent for the relationship between the

413

Superior Court and the District Court to mirror the relationship between a state court and a federal court, and state courts may not regulate the practice of law in federal courts, *see, e.g., Cowen v. Calabrese*, 230 Cal. App. 2d 870, 41 Cal.Rptr. 441, 443 (1964), this Court and the District Court each possess the authority to regulate our respective bars, including the power to establish *pro hac vice* admissions rules.

■ Although the District Court has chosen to allow Attorney Alvis to appear *pro hac vice* in four cases and has chosen not to request that *pro hac vice* applicants disclose Superior Court *pro hac vice* appearances on its own *pro hac vice* questionnaire, this Court, having the inherent and statutory authority to regulate the practice of law in the Virgin Islands, *see* V.I. CODE ANN. tit. 4 § 32(e), has decided to adopt more stringent standards with respect to *pro hac vice* appearances in this Court and the Superior Court, including a lifetime limit of three *pro hac vice* appearances. As Supreme Court Rule 201(a)(4) expressly states, the purpose of this three appearance limit is to further the legitimate interest of ensuring that all individuals practicing law in the Virgin Islands on more than a fleeting or infrequent basis — including those who do not reside in the Virgin Islands or who practice primarily in the District Court — "share the burdens of local practice," which includes accepting indigent appointments in both this Court and the Superior Court as mandated by Supreme Court Rule 203(p) and 5 V.I.C. § 3503(a). Accordingly, this Court finds no reason to exclude *pro hac vice* appearances in the District Court from Rule 204(a)(4)'s three appearance limit, or to disregard District Court matters when assessing whether an attorney has engaged in an "[e]xtended practice on a *pro hac vice* basis."

■ Moreover, notwithstanding Rule 201(a)(4), it is well established that this Court may consider an attorney's activities in other courts and jurisdictions when determining whether to exercise its discretion to grant regular, special, or *pro hac vice* admission to the Virgin Islands Bar. *See, e.g., Admission of Coggin*, 49 V.I. 432 (V.I. 2008); *Admission of Morgan*, 49 V.I. 440 (V.I. 2008). To facilitate this inquiry, this Court's *pro hac vice* admission questionnaire requires applicants to disclose, among other things, all United States or foreign jurisdictions to which they have been admitted to practice law, whether they have been denied full or *pro hac vice* admission in any jurisdiction, and a list of all matters in which the applicant has been admitted in the District Court on a *pro hac vice* basis. Consequently, Attorney Alvis's failure to disclose his prior *pro hac vice*

admissions in the District Court not only prevented this Court from determining whether Attorney Alvis has exceeded Rule 201(a)(4)'s three appearance limit, but made it significantly more difficult for this Court to further inquire about his activities in the Virgin Islands, including verifying that Attorney Alvis had not been sanctioned or disciplined in any of the District Court matters in which he had appeared *pro hac vice.* Similarly, this Court is disturbed that Attorney Alvis not only delegated completion of the *pro hac vice* questionnaire to a legal assistant, but, by his own admission, signed the document after only "review[ing] the application . . . in a cursory manner," which itself constitutes a violation of Rule 201 that can warrant denial of *pro hac vice* admission. *See* V.I.S.CT.R. 201(b) ("The motion for *pro hac vice* admission shall be accompanied by the *Pro Hac Vice* Questionnaire . . . which shall be *completed by the applicant* and served on counsel for all parties in the case . . . .") (emphasis added); *Kampitch v. Lach*, 405 F.Supp.2d 210, 218 (D.R.I. 2005) (holding failure to comply with local rules, including rule requiring disclosure of prior *pro hac vice* applications, sufficient grounds for denying *pro hac vice* admission).

This Court recognizes that the lack of any prior judicial interpretations of Supreme Court Rule 201, as well as the fact that Attorney Alvis voluntarily disclosed the omission to his questionnaire in *Jeffers*, could warrant an equitable waiver of Rule 201's requirements. *See Application of Payton*, S.Ct. BA. No. 2007-0146, 2009 V.I. Supreme LEXIS 17, *18 (V.I. Mar. 20, 2009). However, based on the above circumstances, this Court does not believe that an equitable waiver of Rule 201 is warranted with respect to Attorney Alvis's application for *pro hac vice* admission in *Jeffers*. While this Court recognizes that Attorney Alvis submitted an amended *pro hac vice* questionnaire three days after it had been filed, submission of an amended questionnaire would not have been necessary had Attorney Alvis completed the *pro hac vice* application himself — as required by Rule 201(b) — rather than delegating the task to a legal assistant and then only giving the application a "cursory" review before signing it and submitting it to this Court. Moreover, while Attorney Alvis has sat for the Virgin Islands Bar Examination in July 2010, and states in his response that he "agrees completely that in addition to being able to reap the many benefits of practicing in the U.S. Virgin Islands, with its esteemed lawyers and Court systems, there should also be an undertaking of the responsibility and burdens that helped create such an

outstanding judicial system," (Resp. at 4), this Court cannot ignore that none of Attorney Alvis's six *pro hac vice* applications were filed so that Attorney Alvis could provide *pro bono* representation to an indigent criminal defendant. Accordingly, this Court shall deny Attorney Colianni's motion to admit Attorney Alvis *pro hac vice* in *Jeffers*.

■ Based on the foregoing, this Court also finds that, had Attorney Alvis disclosed his prior District Court *pro hac vice* appearances on his *Francis* questionnaire, this Court would have denied Attorney Alvis's application for the same reasons it is denying Attorney Alvis *pro hac vice* admission in *Jeffers*. However, in his response, Attorney Alvis urges this Court not to revoke his pro hac vice admission in *Francis* because "a tremendous amount of work has been expended on behalf of the plaintiff in that case," "the defendants have broached early settlement negotiations, due in part to the long standing relationship of [Attorney Alvis] with the Firestone tire entities," and "[i]t would best serve the client for [Attorney Alvis] to be able to remain as attorney of record along with the firm of Colianni & Colianni, on behalf of the client." (Resp. at 4.) While this Court recognizes that the neither the Revised Organic Act of 1954 nor the United States Constitution require that this Court allow an out-of-territory attorney to represent a civil plaintiff on a *pro hac vice* basis when that attorney has not satisfied the requirements for *pro hac vice* admission, this Court finds that, given the unique circumstances of this case, Attorney Alvis's representation of his deep involvement in that case where his participation may facilitate settlement, as well as the possibility that revoking Attorney Alvis's *pro hac vice* admission at this stage of the proceedings would prejudice the plaintiff in *Francis*, Attorney Alvis has met his burden of demonstrating that a " 'valid and extraordinary reason exists' that justifies 'dispens[ing] with [the rule] in this particular case.' " *Payton*, 2009 V.I. Supreme LEXIS 17, at *14 (quoting *In re McGinniss*, 186 A.D. 938, 173 N.Y.S. 209, 209 (N.Y. App. Div. 1918)). Accordingly, the premises having been considered, it is hereby

**ORDERED** that Attorney Vincent Colianni II's motion to admit Attorney K. Rick Alvis *pro hac vice* in *Jeffers v. Automart of St. Croix*, Super. Ct. Civ. No. 598/2009 is **DENIED**; and it is further

**ORDERED** that Attorney Alvis's *pro hac vice* admission in *Francis v. Bridgestone Corp.*, Super. Ct. Civ. No. 72/2009 **SHALL NOT BE REVOKED**; and it is further

**ORDERED** that copies of this Order be served on the pertinent parties.
**SO ORDERED** this 21st day of September, 2010.