# IN THE MATTER OF THE APPLICATION OF: RYAN A. SHORES FOR PRO HAC VICE ADMISSION TO THE VIRGIN ISLANDS BAR.

# IN THE MATTER OF THE APPLICATION OF: WILLIAM L. WEHRUM, JR. FOR PRO HAC VICE ADMISSION TO THE VIRGIN ISLANDS BAR

S. Ct. BA. No. 2013-0148, S. Ct. BA. No. 2013-0149

Supreme Court of the Virgin Islands

October 30, 2013

994

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(October 30, 2013)

PER CURIAM. These matters come before the Court pursuant to petitions for the *pro hac vice* admission of Ryan A. Shores and William L. Wehrum, Jr., two attorneys employed by the law firm of Hunton & Williams LLP, as well as an opposition filed by the Committee of Bar Examiners. For the reasons that follow, we deny the petitions.

## I. BACKGROUND

On August 20, 2013, Joel H. Holt, Esq., a member of the Virgin Islands Bar, filed petitions to admit Shores and Wehrum *pro hac vice* to represent Diageo USVI, Inc. in *Alleyne v. Cruzan Viril, Ltd.*, Super. Ct. Civ. No. 143/2013 (STX). In each respective petition, Holt represents that neither Shores nor Wehrum were previously granted *pro hac vice* admission in the Virgin Islands; however, Holt disclosed that different attorneys from Hunton & Williams had previously been admitted *pro hac vice* 29 times in proceedings before the Superior Court and the District Court. Although he acknowledges that Supreme Court Rule 201 provides that "[n]o attorney or law firm may appear *pro hac vice* in more than a total of three causes" and that "[e]xtended practice on a *pro hac vice* basis

is . . . expressly prohibited," V.I.S.Ct.R. 201(a)(4), Holt argues that this prohibition did not apply because the "or law firm" language in Rule 201 refers to the *pro hac vice* admission of an entire law firm rather than an individual lawyer in a law firm, and Hunton & Williams as an entity had never received *pro hac vice* admission. In the alternative, Holt contends that, for various reasons, both Shores and Wehrum should receive an equitable waiver of the "three admission rule." *See In re Application of Payton*, S. Ct. BA. No. 2007-0146, 2009 V.I. Supreme LEXIS 17, *9 (V.I. Mar. 20, 2009) (unpublished) (explaining that this Court may waive application of its own bar admissions rules).

This Court, in a September 9, 2013 Order, directed the Committee of Bar Examiners to respond to Holt's petitions.[1] After considering the issues, the Committee approved a brief for submission to this Court, which its counsel filed on September 26, 2013. In its brief, the Committee opposes the petitions on both grounds. According to the Committee, the plain text of Rule 201(a)(4) only contemplates admission by individual attorneys, and not entire law firms. Moreover, the Committee argues that the "valid and extraordinary reasons" to justify an equitable waiver are not present in this case. *Payton*, 2009 V.I. Supreme LEXIS 17 at *14 (citing *In re McGinniss*, 186 A.D. 938, 173 N.Y.S. 209, 209 (1918)). Specifically, the Committee argues that admitting Shores and Wehrum would be wholly contrary to the essential purpose of Rule 201(a)(4), that the "three admission rule" was foreseeable both to Shores and Wehrum as well as Hunton & Williams, and that no other legitimate reason justifies the extraordinary remedy of an equitable waiver. Shores and Wehrum filed a joint reply on October 9, 2013, in which they argue that "the plain language of the Rule will not be implicated by their admission." (Pet'rs' Reply at 3).

## II. JURISDICTION

As the highest court of the Virgin Islands, this Court possesses both the statutory and inherent authority to regulate the practice of law in the

---

[1] The day after this Court issued its September 9, 2013 Order, Holt filed a letter with the Clerk of this Court noting that he is a member of the Committee of Bar Examiners and, to avoid even the appearance of impropriety, he would not only not participate in the Committee's consideration of the issue, but also withdraw as the sponsor of Shores's and Wehrum's *pro hac vice* application. Shortly thereafter, Carl J. Hartmann III, Esq., another member of the Virgin Islands Bar, entered his appearance as Shores's and Wehrum's sponsor.

Virgin Islands. 4 V.I.C. § 32(e); *In re Rogers*, 56 V.I. 618, 623 (V.I. 2012). This authority encompasses jurisdiction over admission to the Virgin Islands Bar, *see In re Application of Shea*, 59 V.I. 552, 556 (V.I. 2013), including the power to determine whether *pro hac vice* admission should be granted, denied, or revoked, *see In re Admission of Alvis*, 54 V.I. 408, 416 (V.I. 2010).

## III. DISCUSSION

To determine whether Shores and Wehrum are eligible to even apply for *pro hac vice* admission to the Virgin Islands Bar, we must first ascertain the meaning of the pertinent language of Rule 201(a)(4). In the event we agree with the Committee that all prior *pro hac vice* admissions of Hunton & Williams attorneys must be imputed onto Shores and Wehrum for purposes of Rule 201, we must then consider whether an equitable waiver of the three admission rule is warranted. We address each issue in turn.

### A. The Three Admission Rule

■ Supreme Court Rule 201 provides that "[n]o attorney or law firm may appear *pro hac vice* in more than a total of three causes," and further states that "[e]xtended practice on a *pro hac vice* basis is hereby expressly prohibited and any attorney desirous of undertaking more than three (3) total appearances shall seek regular admission to the Bar in order to share the burdens of local practice." V.I.S.CT.R. 201(a)(4). For purposes of Rule 201, a "cause" encompasses appearances in the Virgin Islands local courts as well as the District Court. *Alvis*, 54 V.I. at 414-15.

■■ We agree with the Committee that Rule 201(a)(4) requires that this Court impute the prior *pro hac vice* admissions of individual Hunton & Williams attorneys onto Shores and Wehrum. This Court's rules unambiguously provide that only attorneys, and not entire law firms, may be admitted to the Virgin Islands Bar, whether *pro hac vice* or otherwise. *See, e.g.*, V.I.S.CT.R. 201 ("The membership of the V.I. Bar shall consist of three (3) categories of attorneys . . . ."); V.I.S.CT.R. 201(a) (providing that "[a]n attorney" may apply for *pro hac vice* admission); V.I.S.CT.R. 205(a) ("All attorneys admitted to practice law in the Supreme Court are required to be members of the Virgin Islands Bar Association so that no one may practice law in the Supreme Court of the Virgin Islands without being a member in good standing of the Virgin Islands Bar Association.");

V.I.S.Ct.R. 206(a) ("An active member of the Bar is an attorney who is admitted to practice in any of the three categories set forth in Rules 201, 202 and 204, who is in good standing, and who actually engages in the practice of law as authorized."); V.I.S.Ct.R. 207.1.2(b)(1) ("A Respondent under these rules may be any regularly or specially admitted attorney to the Virgin Islands Bar; or any attorney admitted *pro hac vice* . . . ."). Given that only attorneys may become members of the Virgin Islands Bar, the only rational way to interpret the "[n]o attorney or law firm may appear *pro hac vice* in more than a total of three causes" language in Rule 201(a)(4) is that an attorney may not appear *pro hac vice* if other attorneys from the law firm that employs the attorney have been granted *pro hac vice* admission on three or more prior occasions. Consequently, Shores and Wehrum do not qualify for *pro hac vice* admission by virtue of the 29 prior *pro hac vice* appearances by other Hunton & Williams attorneys.

## B. Equitable Waiver

■ Notwithstanding the fact that the three admission rule precludes Shores and Wehrum from applying for *pro hac vice* admission, "this Court may grant a waiver of its own rules" pursuant to its inherent and statutory authority to regulate the practice of law in the Virgin Islands. *Payton*, 2009 V.I. Supreme LEXIS 17 at *14. However, "it is inappropriate to exercise this power unless a 'valid and extraordinary reason exists' that justifies 'dispens[ing] with [the rule] in this particular case.' " *Id.* (quoting *McGinniss*, 173 N.Y.S. at 209). Such waivers, however, are highly disfavored, not just because "[i]ndividualized waiver determinations [are] extremely time consuming" and "financially burdensome," *id.* (quoting *Application of Urie*, 617 P.2d 505, 510 (Alaska 1980)), but also because "liberal 'case by case consideration of waivers invites the risk of disparate treatment of similar cases, and thus carries its own potential for unfairness.' " *Id.* (quoting *Teare v. Comm. on Admissions*, 566 A.2d 23, 31 (D.C. 1981)). Thus, one seeking equitable waiver of a bar admissions requirement "must 'demonstrate[] that the rules operate in such a manner as to deny admission . . . arbitrarily and for a reason unrelated to the essential purpose of the rule,' " and " 'that the granting of such a waiver would not be detrimental to the public interest.' " *Id.* (quoting *Bennett v. State Bar*, 103 Nev. 519, 746 P.2d 143, 145 (1987) and *In re Costello*, 121 R.I. 548, 401 A.2d 447, 448 (1979)).

■ We hold that Shores and Wehrum have failed to meet their heavy burden. As the Committee correctly notes in its opposition, unlike *Payton*, where this Court permitted a formerly specially admitted attorney to benefit from an unforeseen rule change that occurred shortly after his retirement from government service, the three admission rule should come as no surprise to Shores, Wehrum, or Hunton & Williams. Although this Court promulgated Supreme Court Rule 201 on November 27, 2007, the "[n]o attorney or law firm may appear *pro hac vice* in more than a total of three causes" language was borrowed verbatim from former Superior Court Rule 301(a)(4),[2] initially adopted on March 30, 1994, and last amended on October 12, 1995.[3] Importantly, it appears that every single instance in which a Hunton & Williams attorney attained *pro hac vice* admission in the Virgin Islands occurred after the Superior Court promulgated this rule. And while we acknowledge that 28 of the 29 *pro hac vice* admissions involved litigation that occurred solely in the District Court, and that it was not until September 21, 2010 — when this Court issued its decision in *Alvis* — that we clarified that "three causes" encompasses District Court proceedings, Shores and Wehrum would be barred by the three admission rule even if we were inclined to only consider post-*Alvis* District Court admissions.[4]

---

[2] Before October 29, 2004, the Superior Court of the Virgin Islands had been known as the Territorial Court of the Virgin Islands. Nevertheless, for convenience we refer to the former Territorial Court as the Superior Court. *See* Act No. 6687, § 1(b) (V.I. Reg. Sess. 2004) (amending 4 V.I.C. § 2 by substituting "Superior" in place of "Territorial" in the name of courts of local jurisdiction in the U.S. Virgin Islands, effective October 29, 2004).

[3] "After 1991, but prior to establishment of the Supreme Court in 2007, the Superior Court, as the highest nonfederal local court of the Virgin Islands, governed admissions to the Virgin Islands Bar." *In re Campbell*, 59 V.I. 701, 707 n.2 (V.I. 2013) (quoting *Payton*, 2009 V.I. Supreme LEXIS 17 at *2).

[4] According to the exhibits accompanying the August 20, 2013 petitions, the District Court granted *pro hac vice* admission to Chip Nunley on February 24, 2011, and this Court granted Thomas R. Waskom *pro hac vice* admission on June 2, 2009. On May 10, 2010, the District Court granted *pro hac vice* admission to Lori E. Jarvis, which was automatically converted to a local *pro hac vice* admission when the District Court subsequently remanded the underlying case to the Superior Court. *See O'Neale's Transp. v. Marshall & Sterling*, 29 V.I. 23, 25-26 (V.I. Super. Ct. 1994) ("The Bank of Nova Scotia contends that William F. Kuntz, II, Esquire is not admitted *pro hac vice*, therefore the subpoena is null . . . . This Court will honor Attorney Kuntz's admission in the District Court as an admission *pro hac vice* in the [Superior] Court . . . ."). In any case, we finds that imputation of all prior District Court *pro hac*

■ ■ We also agree with the Committee that requiring Shores and Wehrum to comply with the three admission rule would not serve "to deny admission . . . arbitrarily and for a reason unrelated to the essential purpose of the rule." *Payton*, 2009 V.I. Supreme LEXIS 17 at *15 (quoting *Bennett*, 746 P.2d at 145). The three admission rule is specifically intended to prevent "extended practice on a *pro hac vice* basis," V.I.S.CT.R. 201(a)(4), and "to further the legitimate interest of ensuring that all individuals practicing law in the Virgin Islands on more than a fleeting or infrequent basis — including those who do not reside in the Virgin Islands or who practice primarily in the District Court — 'share the burdens of local practice,' which includes accepting indigent appointments in both this Court and the Superior Court . . . ." *Alvis*, 54 V.I. at 414 (quoting V.I.S.CT.R. 201(a)(4)). Counting prior *pro hac vice* admissions by other attorneys employed by the same law firm against the three cause limit serves to prevent "a law firm [from] continually circumvent[ing] [the] prohibition against the unauthorized practice of law by sending different attorneys into our [Territory] for different cases." *Smith v. Beaufort County Hosp. Ass'n, Inc.*, 141 N.C. App. 203, 540 S.E.2d 775, 783 (2000), *aff'd*, 354 N.C. 212, 552 S.E.2d 139 (2001).[5]

---

*vice* admissions by Hunton & Williams attorneys to Shores and Wehrum is warranted, given that we considered all pre-*Alvis* admissions in *Alvis* itself. 54 V.I. at 416.

[5] Indeed, this construction of Rule 201(a)(4) results from the straightforward application of the canons of statutory construction, which apply to the interpretation and application of court rules. *In re Petition for Disbarment of Plaskett*, 56 V.I. 441, 447 (V.I. 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480 (V.I. 2010) (principles of statutory construction apply when construing and applying court rules)). This includes the cardinal principle that statutes must be construed so as to avoid absurd results. *People ex rel. K.J.F.*, S. Ct. Crim. No. 2013-0024, 2013 V.I. Supreme LEXIS 35, at * 20-21 (V.I. June 11, 2013) (interpretations "which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982)); *see also Disabled in Action of Penn. v. Southeastern Penn. Transp. Auth.*, 539 F.3d 199, 210 (3d Cir. 2008) (the "overall object and policy of the statute" are to be considered, while "avoid[ing] constructions that produce odd or absurd results or that are inconsistent with common sense") (internal quotation marks omitted) and *Gilbert v. People*, 52 V.I. 350, 365 (V.I. 2009) (rejecting an interpretation of a Virgin Islands statute that "would lead to unjust and absurd results" because such an interpretation would be "clearly inconsistent with the Legislature's intent"). Petitioners favor an interpretation of Rule 201(a)(4) that would provide law firms employing multiple attorneys with a comparative economic advantage over solo practitioners or small law firms, inasmuch as larger firms would be able to generate revenues from a larger number of permitted *pro hac vice* appearances before having to share the burdens of local Virgin Islands practice than

On the contrary, allowing Shores and Wehrum to receive *pro hac vice* admission in flagrant contravention of the three admission rule would be highly unfair to the many out-of-Territory attorneys — and the law firms that employ them — that have complied with the three admission rule by attaining regular admission or ceasing practice on a *pro hac vice* basis after completion of their third cause.

██ Finally, we reject the claim that Shores and Wehrum should be admitted notwithstanding the three admission rule because Diageo USVI, Inc. has selected Hunton & Williams as its "coordinating national counsel" for "emissions issues" and they are purportedly "specialists" in environmental law. (Pet. 4.) However, "neither the Revised Organic Act of 1954 nor the United States Constitution require that this Court allow an out-of-territory attorney to represent a civil [litigant] on a *pro hac vice* basis when that attorney has not satisfied the requirements for *pro hac vice* admission."[6] *Alvis*, 54 V.I. at 416; *see also Leis v. Flynt*, 439 U.S. 438, 443-44, 99 S. Ct. 698, 58 L. Ed. 2d 717 (1979) ("There is no right of federal origin that permits . . . lawyers to appear in state courts without meeting a State's bar admission requirements."). While this Court has recognized, on one previous occasion, that prejudice to a client may constitute grounds for an equitable waiver, in that case this Court declined

would solo practitioners or small firms. However, no principled reason exists to interpret Rule 201(a)(4) in a manner providing such an advantage, which would frustrate the clearly expressed prohibition against extended *pro hac vice* practice apparent in the plain language of the Rule. Because petitioners' favored interpretation of the Rule would produce absurd results, we are required to reject it. Instead, the interpretation of the Rule we announce today places all attorneys — and all of the law firms employing them or with which they are otherwise associated — on a level playing field with respect to permitted *pro hac vice* practice.

[6] Because the issue is not before us, we express no opinion as to whether the three admission rule would preclude an out-of-territory attorney from receiving *pro hac vice* admission in a criminal case. *Compare United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006) (holding that the denial of *pro hac vice* admission in criminal case, based on erroneous interpretation of the rules of professional conduct by the trial judge, violated Sixth Amendment right to retained counsel of one's choice) *with Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Berch*, ___ F. Supp. 2d ___, 2013 U.S. Dist. LEXIS 134278 at *76-77 n.21 (D. Ariz. Sept. 19, 2013) ("In *Gonzalez-Lopez*, the government conceded that the trial court had erroneously denied defendant counsel of his choosing, thus the Court did not consider the state's *pro hac vice* rules . . . ."). *See also Gonzalez-Lopez*, 548 U.S. at 152 ("This is not a case about a court's power to enforce rules or adhere to practices that determine which attorneys may appear before it . . . . However broad a court's discretion may be, the Government has conceded that the District Court here erred when it denied respondent his choice of counsel.").

to revoke a previously-granted *pro hac vice* admission for violation of the three admission rule because doing so would severely prejudice the client, whose case was on the cusp of achieving a settlement. *Alvis*, 54 V.I. at 416. Nevertheless, in that very same decision, we did not hesitate in invoking the three admission rule to deny *pro hac vice* admission in a case involving the same attorney where *pro hac vice* admission had not yet been granted, *id.*, for reasons that should be readily apparent: if the attorney has not been admitted to the Virgin Islands Bar, applying the three admission rule should not result in any prejudice to the client since the attorney has not been authorized to provide the client with legal advice, appear in court, direct trial strategy, participate in settlement negotiations, or otherwise act as the client's attorney with respect to the Virgin Islands litigation. *See In re Campbell*, 59 V.I. 701, 710 (V.I. 2013). To the extent Shores and Wehrum wish to serve as "coordinating national counsel" for a Virgin Islands corporation despite exhausting their law firm's lifetime limit on *pro hac vice* admissions, one option remains available to them: attaining regular admission to the Virgin Islands Bar as provided for in Supreme Court Rule 204.

## IV. CONCLUSION

 Supreme Court Rule 201(a)(4), by its own terms, limits all attorneys affiliated with the same law firm to *pro hac vice* admission in three causes. Since admitting Shores and Wehrum on a *pro hac vice* basis would violate the three admission rule, and they have failed to meet their burden of establishing that an equitable waiver is justified, we deny the August 20, 2013 petitions.